EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Warner O. Barahona Gaitán<br><br>Recurrido | Certiorari<br><br>2018 TSPR 195<br><br>201 DPR ____ |

Número del Caso: CC-2018-212

Fecha: 6 de diciembre de 2018

Tribunal de Apelaciones:

      Región Judicial de San Juan – Caguas, Panel I

Oficina del Procurador General:

      Lcdo. Luis R. Román Negrón
      Procurador General Auxiliar

      Lcdo. Joseph Feldstein del Valle
      Subprocuradora General

      Lcdo. Juan B. Ruiz Hernández
      Procurador General Auxiliar

Abogado del Recurrido:

      Lcdo. Javier H. Jiménez Vázquez

Materia: Derecho Administrativo – El Tribunal de Apelaciones es el foro o jurisdicción para cuestionar una resolución final del Superintendente de la Policía al amparo de la Ley de Armas de 2000.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br><br>v.<br><br><br>Warner O. Barahona Gaitán<br><br>Recurrido | CC-2018-0212 | Certiorari |

El Juez Asociado señor ESTRELLA MARTÍNEZ emitió la Opinión del Tribunal

San Juan, Puerto Rico, a 6 de diciembre de 2018.

En el presente caso, nos corresponde determinar si la inclusión del mecanismo de revisión, mediante juicio de _novo_ ante el Tribunal de Primera Instancia, provisto en el Art. 25 del Reglamento Núm. 6244 de la Policía de Puerto Rico, _infra_, es _ultra vires_, por ser un procedimiento contrario al contemplado en la Ley de Armas de Puerto Rico, _infra_.

**I**

El 16 de septiembre de 2015, el Sr. Warner O. Barahona Gaitán (señor Barahona Gaitán o recurrido) solicitó una licencia de armas, lo que dio paso a una investigación por parte de la Policía de Puerto Rico (Policía) en torno a la información presentada por éste. Tras concluir la

investigación, el entonces Superintendente de la Policía (Superintendente o peticionario), le informó al señor Barahona Gaitán la denegación a la solicitud de licencia de armas. Esa determinación se fundamentó en el incumplimiento del señor Barahona Gaitán con el Art. 2.11 de la Ley Núm. 404-2000, mejor conocida como la Ley de Armas de Puerto Rico, 25 LPRA sec. 456j.[1] En esa comunicación, se apercibió al recurrido que, de no estar de acuerdo con esa determinación, podía solicitar una vista administrativa conforme a lo establecido en el Reglamento para la Celebración de Vistas Administrativas sobre Licencias de Tener y Poseer Armas de Fuego, Tiro al Blanco, Explosivos, Detectives Privados, y Portación como Funcionario Público, Reglamento Núm. 6244 de la Policía de Puerto Rico, 19 de diciembre de 2000 (Reglamento Núm. 6244). A esos efectos, el señor Barahona Gaitán solicitó una vista administrativa. A la vista celebrada, sólo comparecieron el recurrido y su representación legal.

Posteriormente, el Oficial Examinador de la Policía rindió un informe mediante el cual recomendó confirmar la denegación a la solicitud de licencia de armas. Como parte de sus determinaciones de hechos, estableció que el señor Barahona Gaitán "fue expulsado de la Policía de Puerto Rico

---

[1] A pesar de que el título en la ley es Ley de Armas de Puerto Rico, en esta Opinión nos referiremos a la misma como Ley de Armas de 2000, vigente, para distinguirla de la anterior legislación.

para el año 2004, por el Superintendente de la Policía, [mientras] prestaba servicios .... como Agente de la Policía. . .".[2]

En atención a lo anterior, el 30 de marzo de 2016, el Superintendente emitió una Resolución en la que adoptó la recomendación del Oficial Examinador y, de esa forma, confirmó la denegación a la solicitud de la licencia de armas presentada por el recurrido. La referida resolución le advertía al señor Barahona Gaitán sobre su derecho a solicitar revisión judicial. La misma expresaba lo siguiente:

> La parte adversamente afectada por esta resolución final y que haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de esta resolución final de la agencia. . . .[3]

Inconforme, el 11 de abril de 2016, el recurrido presentó una Moción en solicitud de reconsideración. Arguyó el incumplimiento con el Art. 19 del Reglamento Núm. 6244, supra, que dispone lo relacionado al orden de prueba durante las vistas administrativas. De ese modo, sostuvo que, durante la vista celebrada, la Policía no presentó prueba alguna para fundamentar o evidenciar las determinaciones de hecho realizadas por el Oficial Examinador. Además, resaltó

---

[2]Informe del Oficial Examinador, Apéndice del certiorari, pág. 80.

[3]Resolución, Apéndice del certiorari, pág. 79.

que la única evidencia presentada durante la vista fue el documento de la solicitud de licencia de armas en la que el recurrido marcó el encasillado sobre la destitución de una agencia estatal o federal.

Toda vez que el Superintendente no se expresó dentro del término de 15 días dispuesto por la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA sec. 2165, el señor Barahona Gaitán acudió a la Rama Judicial. Sin embargo, en lugar de solicitar la revisión judicial, ante el Tribunal de Apelaciones, como establece el Art. 7.08 de la Ley de Armas de 2000, 25 LPRA sec. 460g, compareció ante el Tribunal de Primera Instancia mediante un escrito intitulado "Petición", por medio del cual solicitó un juicio de novo al invocar el Art. 25 del Reglamento Núm. 6244, supra.

Por su parte, el Estado, sin someterse a la jurisdicción del foro primario, presentó una Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, por entender que procedía la desestimación por falta de jurisdicción sobre la persona y la materia. En particular, alegó que, de conformidad con lo establecido en el Art. 7.08 de la Ley de Armas de 2000, supra, al igual que la advertencia incluida en la resolución del Superintendente, el señor Barahona Gaitán debió acudir en revisión judicial ante el Tribunal de Apelaciones para impugnar la determinación del Superintendente. Esbozó que el Reglamento Núm. 6244, supra, no puede ser contrario a las

disposiciones de la Ley de Armas de 2000, supra, ni la LPAU, según han sido interpretadas por este Tribunal. Consecuentemente, concluyó que el Tribunal de Primera Instancia carecía de jurisdicción, por lo que procedía la desestimación de la petición de juicio de novo del recurrido.

En su réplica, el señor Barahona Gaitán sostuvo que el Reglamento Núm. 6244, supra, fue creado conforme a derecho en virtud del Art. 7.09 de la Ley de Armas de 2000, 25 LPRA sec. 460h, y la LPAU, que otorgó al Superintendente la facultad de aprobar reglamentos. Por tanto, arguyó que el Art. 25 del Reglamento Núm. 6244, supra, era válido.

En relación a lo anterior, el recurrido hizo alusión a una Sentencia del Tribunal de Apelaciones en Ortiz Santiago v. Pesquera, KLAN201501560, que determinó que el "Tribunal de Primera Instancia en efecto tiene jurisdicción para atender un juicio de novo donde se revoque, cancele o deniegue una Licencia de Armas".[4] Asimismo, indicó que en Román Ruiz v. ELA, 150 DPR 639 (2000) (Per curiam), este Tribunal concluyó, a base de la interpretación de la Ley Núm. 17 de 19 de enero de 1951, mejor conocida como la Ley de Armas de Puerto Rico,[5] derogada por la Ley de Armas de 2000, supra, que el foro primario posee jurisdicción para

---

[4] Réplica a Moción de Desestimación, Apéndice del certiorari, pág. 29.

[5] Aunque el título es Ley de Armas de Puerto Rico, en esta Opinión la mencionaremos como Ley de Armas de 1951 para distinguirla.

atender las peticiones de un juicio de novo relacionadas con las resoluciones emitidas por la Policía sobre denegaciones o revocaciones de licencias de armas. Finalmente, arguyó que el Estado pretendía impugnar su propio reglamento y que avalar tal postura implicaría perder su derecho a solicitar la corrección de la actuación del Superintendente, a pesar de que presentó su solicitud de revisión de conformidad con lo establecido en el Reglamento Núm. 6244, supra.

Luego de evaluar los planteamientos presentados, el Tribunal de Primera Instancia desestimó la petición del recurrido, por entender que carecía de jurisdicción, ya que correspondía presentar una revisión judicial ante el Tribunal de Apelaciones y no una solicitud de juicio de novo ante el Tribunal de Primera Instancia. En lo pertinente a la controversia ante nos, el foro primario razonó lo siguiente:

> a)    Cualquier revisión judicial debe ser radicada ante el Tribunal de Apelaciones cónsono con lo dispuesto en el Art. 7.08 de la Ley de Armas y de conformidad con la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.
>
> b) Un reglamento administrativo no puede derogar lo dispuesto en una ley. Por consiguiente, lo dispuesto en el Art. 25 del Reglamento 6244 de la Policía de Puerto Rico es una actuación "ultra vires" que no crea estado jurídico alguno en contraposición de lo dispuesto en el Art. 7.08 de la Ley de Armas.[6]

---

[6] Sentencia, Apéndice del certiorari, pág. 34.

En desacuerdo, el señor Barahona Gaitán presentó una _Moción en Solicitud de Reconsideración y/o Determinaciones Adicionales de Hecho y de Derecho_. En resumen, arguyó que el Art. 25 del Reglamento Núm. 6244, _supra_, no contraviene lo establecido en el Art. 7.08 de la Ley de Armas de 2000, _supra_, pues meramente aplaza el derecho a la revisión judicial cuando una parte decide recurrir al foro primario en solicitud de un juicio de _novo_. Asimismo, adujo que la redacción de ese artículo del Reglamento Núm. 6244, _supra_, no constituyó una actuación _ultra vires_, arbitraria ni caprichosa, ya que el mismo no deroga ni restringe el derecho de la parte afectada a acudir en revisión judicial. Planteó que el efecto del artículo resulta ser todo lo contrario, pues otorga un derecho adicional a la parte afectada de recurrir ante el foro primario en lugar de la revisión judicial ante el Tribunal de Apelaciones. Por ello, puntualizó que el Reglamento Núm. 6244, _supra_, que no ha sido derogado, enmendado, ni declarado nulo, provee dos alternativas en cuanto a la revisión de una denegación de solicitud de licencia de armas.

Tras múltiples incidentes procesales, que no ameritan mayor discusión, el foro primario denegó las mociones presentadas por el recurrido.

Inconforme, el señor Barahona Gaitán presentó un recurso de apelación ante el Tribunal de Apelaciones, en el que reiteró los argumentos antes expuestos. Así, insistió que el derecho a un juicio de _novo_, recogido en el Art. 25

del Reglamento Núm. 6244, supra, no contradice la revisión judicial establecida en los Arts. 7.07 y 7.08 de la Ley de Armas de 2000, 25 LPRA secs. 460f y 460g, y en la sección 4.2 de la LPAU, 3 LPRA sec. 2172.

Posteriormente, el Tribunal de Apelaciones emitió una sentencia en la que revocó el dictamen del foro primario. Ello, por entender que procedía atender la nueva solicitud en el Tribunal de Primera Instancia y la celebración de un juicio de novo en virtud del Art. 25 del Reglamento Núm. 6244, supra, y la interpretación de este Tribunal en Román Ruiz v. ELA, supra.[7] Específicamente, concluyó lo siguiente:

> En el presente caso, la Policía de Puerto Rico emitió una determinación final denegando la petición de licencia de armas presentada por [el señor Barahona Gaitán]. Como vimos, en virtud del referido art. 25 del Reglamento 6244, establecido en virtud del art 7.09 de la Ley de Armas, 25 LPRA Sec. 460h, éste presentó una nueva solicitud ante el TPI correspondiente al lugar donde reside.
>
> Según el derecho antes expuesto, el foro primario tiene jurisdicción para considerar esa nueva solicitud. El mencionado art. 25 del Reglamento 6244 provee para la celebración de un juicio de novo ante el TPI. Dicho procedimiento no constituye una revisión judicial. El juicio de novo que dispone el mencionado reglamento provee para que el tribunal pueda ordenar, investigar y tomar en consideración evidencia

---

[7] El Juez Candelaria Rosa disintió al percatarse que el procedimiento de nuevo juicio incluido en el Reglamento Núm. 6244, supra, no estaba contemplado en su ley habilitadora, sino que surgía de la Ley de Armas de 1951, supra, por lo que además, resaltó que la Ley de Armas de 2000, supra, no tiene un artículo equivalente. Por tanto, concluyó que esa norma carece de autoridad legal y resulta ser ultra vires. Sentencia, Apéndice del certiorari, págs. 155-156.

que no estuvo ante la agencia administrativa y llegar a una conclusión propia a base de la prueba desfilada por las partes.[8]

Inconforme, el Superintendente, representado por el Procurador General, solicitó la reconsideración del dictamen, la cual fue declarada "no ha lugar" por el foro apelativo intermedio.

Aún insatisfecho, el 20 de febrero de 2018, el Procurador General recurre ante nos mediante certiorari y expone los siguientes señalamientos de error:

> A. Erró el Honorable Tribunal de Apelaciones al revocar al Tribunal de Primera Instancia y determinar que la parte adversamente afectada por una determinación final de la Policía de Puerto Rico puede solicitar un *juicio de novo* ante el Tribunal de Primera Instancia al amparo del Art. 25 del Reglamento 6244 de la Policía de Puerto Rico, sin necesidad de acudir en revisión judicial ante el Tribunal de Apelaciones, tal como lo disponen la [LPAU] y la Ley de Armas.

> B. Erró el Honorable Tribunal de Apelaciones al revocar al Tribunal de Primera Instancia y aplicar un reglamento administrativo por encima de lo expresamente dispuesto por una ley especial (Ley de Armas de Puerto Rico).

Tras expedir el recurso ante nuestra consideración y contando con el beneficio de la comparecencia de las partes, procedemos a exponer el derecho aplicable para atender el asunto a resolver.

---

[8] Sentencia, Apéndice del certiorari, pág. 153.

## II

### A.

La autoridad de una agencia administrativa para la aprobación de reglas o reglamentos depende de los poderes delegados por la Asamblea Legislativa a través de su ley orgánica y habilitadora. D. Fernández Quiñones, _Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme_, 3ra ed., Forum, 2013, sec. 2.1, págs. 35-36. Por ello, es necesario evaluar la ley orgánica de la agencia para precisar la capacidad de intervención del ente administrativo en distintos asuntos. _CIC Const. v. JMSP-UPR_, 196 DPR 964, 973 (2016); _Ayala Hernández v. Consejo Titulares_, 190 DPR 547, 559 (2014); _DACo v. AFSCME_, 185 DPR 1, 12 (2012); _ASG v. Mun. San Juan_, 168 DPR 337, 343 (2006). Así, un organismo administrativo no puede asumir jurisdicción sobre un asunto a menos que esté claramente facultado en ley. _Ayala Hernández v. Consejo Titulares_, supra; _DACo v. AFSCME_, supra; _ASG v. Mun. San Juan_, supra. Anteriormente, hemos indicado que, "ni la necesidad, ni la utilidad, ni la conveniencia pueden sustituir al estatuto en cuanto a la fuente de poder de una agencia administrativa". _Amieiro González v. Pinnacle Real Estate Home_, 173 DPR 363, 372 (2008); _Raimundi v. Productora_, 162 DPR 215, 225 (2004).

En cuanto a la determinación de validez de un reglamento adoptado, hemos reiterado los siguientes criterios que han surgido jurisprudencialmente: (1) si la actuación administrativa está autorizada por la ley; (2) si se delegó

poder de reglamentación; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales, y (5) si la reglamentación es arbitraria o caprichosa. Fuentes Bonilla v. ELA, res. el 22 de mayo de 2018, 2018 TSPR 98; Vitas Health Care v. La Fe *et al.*, 190 DPR 56, 67 (2014); Danosa Caribbean, Inc. v. Neg. Asist. Contr., 185 DPR 1008, 1030 (2002); Pérez v. Com. Rel. Trab. Serv. Púb., 158 DPR 180 (2002).

Al determinar si una agencia cuenta con facultad para reglamentar cierto asunto, hay que atenerse a lo dispuesto en su ley habilitadora. Perfect Cleaning v. Cardiovascular, 162 DPR 745, 759 (2004). De esta forma, se evita que la agencia exceda el marco de autoridad delegado por la Asamblea Legislativa y actúe de manera ilegal o ultra vires. Íd., pág. 759. En cuanto a la doctrina de actuación ultra vires, el Profesor Demetrio Fernández explica que:

> La doctrina básica del derecho administrativo es la de *ultra vires*. **El estatuto orgánico de la agencia administrativa define y delimita su ámbito de acción y, por ende, su jurisdicción.** Cualquier transgresión a lo pautado por la ley respecto a los linderos de acción constituye una acción ilícita. Se considera que dicha actuación ha sido efectuada sin autoridad. La importancia de esta doctrina en el campo de la reglamentación es incuestionable. . . . **Por tal razón, 'un reglamento para implementar la ejecución de una ley puede completarla, pero no estar en conflicto con ésta'.** Es nulo el reglamento que esté en conflicto o en contra de la ley. (énfasis suplido). Fernández Quiñones, op. cit., sec. 3.4, pág. 161.

Conforme a lo anterior, resaltamos que **"cuando la ley concede un remedio exclusivo, un reglamento no puede conceder mayores ni menores derechos a los que exclusivamente se reconocen mediante el texto de la ley"**. (énfasis suplido). J. Echevarría Vargas, Derecho Administrativo Puertorriqueño, San Juan, 4ta ed. revisada, San Juan, Ed. Situm, 2017, pág. 130.

**B.**

El Estado amparado en el poder inherente de reglamentación sobre la posesión, portación y venta de armas de fuego aprobó la Ley de Armas de 2000, supra, con el fin de "promover una mayor seguridad y un mejor bienestar público para el Pueblo de Puerto Rico". Exposición de Motivos de la Ley de Armas de 2000, 2000 (Parte 3) Leyes de Puerto Rico 2601. También, interesa "unificar los requisitos para la concesión de las licencias de tener, poseer y portar armas". Íd.

La actual Ley de Armas de 2000, supra, designó a la Policía, junto a su Superintendente, como el ente administrativo especializado para regular lo relacionado a la concesión de las armas y, por ello, otorgó al Superintendente el poder de reglamentar la concesión de éstas. Véase, Art. 7.09 de la Ley de Armas de 2000, supra.

Por otro lado, el Art. 7.07 de la Ley de Armas de 2000, supra, establece que, a excepción de que otra cosa se disponga expresamente, "todas las determinaciones que tengan que realizarse en virtud de esta Ley se regirán por las disposiciones de vistas informales, adjudicaciones y

reconsideraciones establecidas en la [LPAU]". Íd. Asimismo, en cuanto a la revisión de determinaciones administrativas, el Art. 7.08 de la Ley de Armas de 2000, supra, establece que "una parte adversamente afectada por una orden o resolución final alcanzada en virtud de las disposiciones de esta Ley, que haya agotado todos los remedios administrativos, podrá presentar una solicitud de revisión ante el [Tribunal de Apelaciones] de conformidad con la [LPAU]". Íd.

Resulta importante señalar que el Art. 7.13 de la mencionada ley derogó expresamente la "Ley Núm. 17 de 19 de enero de 1951, según enmendada, y la Ley Núm. 75 de 13 de junio de 1953, según enmendada.". Véase, Art. 7.14 de Ley de Armas de 2000, 2004 (Parte 1) Leyes de Puerto Rico 786. En lo pertinente a la controversia ante nos, la Ley de Armas de 1951, supra, expresamente autorizaba en el inciso (d) del Art. 19, 25 LPRA sec. 429, lo contenido en el Art. 25 del Reglamento Núm. 6244, supra, al disponer:

> (d) Cuando el Superintendente de la Policía denegare a una persona una licencia para tener y poseer un arma de fuego bajo las disposiciones de este capítulo, o cuando dicho funcionario cancelare una licencia bajo las disposiciones del inciso (c) de esta sección, la persona afectada podrá comparecer ante la sala del Tribunal de Primera Instancia del lugar en que radicare su residencia y formular de nuevo su solicitud. El tribunal notificará al Superintendente de la Policía de Puerto Rico, quien podrá comparecer a sostener su negativa, y resolverá con la intervención del fiscal. El Tribunal de Primera Instancia estará autorizado para requerir las pruebas y ordenar las investigaciones que considerase necesarias y convenientes, y su decisión será final y firme.

**C.**

El Art. 7.09 de la Ley de Armas de 2000, supra, faculta al Superintendente con el poder de reglamentar. Ello, para fines de la "implantación de las disposiciones de [esa] Ley". En cumplimiento con el poder de reglamentar delegado por la Ley de Armas de 2000, supra, el Superintendente adoptó el Reglamento Núm. 6244, supra.

El Reglamento Núm. 6244, supra, fue adoptado con el propósito de **"establecer los mecanismos y normas procesales que regirán lo concerniente a la función adjudicativa del Superintendente de la Policía de Puerto Rico para expedir, renovar, revocar, cancelar o denegar licencias de tener y poseer armas de fuego como jefes de familia"**. (énfasis suplido). Art. 3 del Reglamento Núm. 6244. Por tanto, éste será de aplicación a "todos los procedimientos adjudicativos formales que se ventilen en la Policía de Puerto Rico en la celebración de vistas administrativas sobre licencias de tener y poseer armas de fuego, tiro al blanco, explosivos, detectives privados y portación como funcionario público". Art. 4 del Reglamento Núm. 6244.

En lo que nos concierne, el Art. 25 del Reglamento Núm. 6244, supra, provee el siguiente remedio en caso de haber obtenido una determinación adversa por parte del Superintendente en una solicitud de licencia de armas:

> A. Toda persona a quien el Superintendente le hubiere denegado una Licencia de Tener y Poseer Armas de Fuego bajo la "Ley de Armas de Puerto Rico", mediante una resolución final, podrá presentar una nueva solicitud ante la Sala

Superior del Tribunal de Primera Instancia . . . . Íd.

En lo que atañe a la controversia ante nos, en contraste con el Art. 25 del Reglamento Núm. 6244, supra, el Art. 27 del Reglamento Núm. 6244, supra, provee para la revisión judicial al establecer que:

> A. Una parte adversamente afectada por una resolución final del Superintendente podrá presentar una solicitud de revisión ante el [Tribunal de Apelaciones], dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución final del Superintendente, o a partir de la fecha aplicable según las disposiciones del Artículo anterior de este Reglamento, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. . . .

### III

El señor Barahona Gaitán presentó una solicitud de licencia de armas que fue denegada por el Superintendente. En respuesta, el recurrido presentó su oposición como una nueva "Petición" ante el Tribunal de Primera Instancia. El foro primario desestimó la petición, por entender que el foro con jurisdicción era el Tribunal de Apelaciones. Inconforme, el recurrido acudió ante el Tribunal de Apelaciones, que determinó que el foro con jurisdicción era el Tribunal de Primera Instancia, puesto que el Art. 25 del Reglamento Núm. 6244, supra, provee para que ese foro atienda la controversia que trajo a su atención.

En desacuerdo, el Procurador General plantea que el único remedio que tenía el recurrido ante la denegación de

expedición de una licencia de armas por parte de la Policía, era la revisión judicial ante el Tribunal de Apelaciones. Específicamente, arguye que el Art. 25 del Reglamento Núm. 6244, supra, que establece el proceso de revisión en juicio de novo ante el Tribunal de Primera Instancia, como un remedio a la denegación de expedir una solicitud de licencia de armas por parte del Superintendente, carece de validez y autoridad en ley para su aplicación. Ello, puesto que la Ley de Armas de 2000, supra, la cual otorgó la autoridad legal al Superintendente para adoptar el Reglamento Núm. 6244, supra, eliminó ese proceso al derogar la Ley de Armas de 1951, supra. Así, reitera que dicho remedio actualmente carece de validez.

De otra parte, el señor Barahona Gaitán arguye que el Reglamento Núm. 6244, supra, fue creado al amparo del Art. 7.09 de la Ley de Armas de 2000, supra, y la LPAU. Así, plantea que el Art. 25 del Reglamento Núm. 6244, supra, continúa vigente y en pleno vigor, por lo que, aduce que tiene derecho a la revisión de la denegación de su solicitud de licencia de armas a través de un juicio de novo en el Tribunal de Primera Instancia. A base de lo anterior, sostiene que el Reglamento Núm. 6244, supra, provee dos alternativas como remedio a la parte que no está de acuerdo con la determinación del Superintendente. Finalmente, menciona que la Policía posee la facultad de enmendar el Reglamento Núm. 6244, supra, para derogar el Art. 25 del mismo.

Trabada así la controversia, nos corresponde determinar si el procedimiento de juicio de novo incluido en el Art. 25 del

Reglamento Núm. 6244, supra, es válido y como tal, procedía su aplicación según lo resolvió el Tribunal de Apelaciones.

Como hemos explicado, la Ley de Armas de 2000, supra, es el estatuto que le otorgó los poderes al Superintendente de establecer todos aquellos reglamentos que la Ley de Armas de 2000, supra, requiera para la implantación de sus disposiciones. Véase, Art. 7.09 de la Ley de Armas de 2000, supra. Facultad que ejerció el Superintendente con la creación del Reglamento Núm. 6244, supra, para llevar a cabo la aplicación de lo establecido en la nueva legislación. Ahora bien, según expusimos, la actual Ley de Armas de 2000, supra, provee a las partes un sólo remedio para la revisión de la denegación de una solicitud de licencia de armas, emitida por el Superintendente. Se trata, del proceso ordinario de revisión judicial ante el Tribunal de Apelaciones, según estatuido en la LPAU. Véase, Art. 27 del Reglamento Núm. 6244, supra.

Si bien es cierto que la Ley de Armas de 1951, establecía, en su Art. 19, supra, el remedio del juicio de novo como mecanismo de revisión de una denegación o revocación de una licencia de armas, el mismo fue eliminado cuando esa ley fue derogada por la Ley de Armas de 2000, supra. Por consiguiente, la ley habilitadora del Reglamento ante nuestra consideración no contempló el mecanismo del juicio de novo ante el Tribunal de Primera Instancia. Todo lo contrario, expresamente fue eliminado por la Asamblea Legislativa.

Un examen del Art. 25 del Reglamento Núm. 6244, supra, a la luz del derecho expuesto, nos lleva a concluir que el mismo

es incompatible con la Ley de Armas de 2000, supra, por haber sido eliminado por la propia ley. Cónsono con lo anterior, el foro con jurisdicción para cuestionar una resolución final del Superintendente al amparo de la Ley de Armas de 2000, supra, es el Tribunal de Apelaciones.

Ante la realidad expuesta, concluimos que la adopción del Art. 25 del Reglamento Núm. 6244, supra, constituyó una actuación ultra vires por parte del Superintendente, por lo que declaramos su nulidad. Por tal motivo, resolvemos que el foro apelativo erró al revocar al foro primario para continuar los procedimientos conforme al Art. 25 del Reglamento Núm. 6244, supra.

Una vez resuelto lo anterior, debemos resaltar que la notificación de la resolución final emitida por el Superintendente apercibió correctamente al señor Barahona Gaitán sobre su derecho a revisión judicial ante el Tribunal de Apelaciones. Es decir, a pesar de lo contenido en el Art. 25 del Reglamento Núm. 6244, supra, el recurrido fue apercibido adecuadamente de los remedios legales que tenía conforme a la ley habilitadora y la LPAU. Véase, Molini Gronau v. Corp. PR Dif. Púb., 179 DPR 674, 686-687(2010); Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1014 (2008). Así, ante una notificación adecuada, concluimos que el término para recurrir en revisión judicial ante el Tribunal de Apelaciones culminó, pues a pesar de ser debidamente advertido, el recurrido optó por un procedimiento distinto al dispuesto en ley. La decisión administrativa fue debidamente notificada el 30 de marzo de

2016, por lo que el término de 30 días, para solicitar la revisión judicial ante el Tribunal de Apelaciones, venció el 26 de mayo de 2016.[9]

## IV

Por los fundamentos antes expuestos, revocamos el dictamen emitido por el Tribunal de Apelaciones y reinstalamos la sentencia del Tribunal de Primera Instancia.

Se dictará sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

---

[9] El señor Barahona Gaitán presentó una moción de reconsideración el 11 de abril de 2016. Según el Art. 3.15 de la LPAU, 3 LPRA sec. 2165, ante la inacción del Superintendente, el término venció el 26 de mayo de 2016.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br><br>v.<br><br><br>Warner O. Barahona Gaitán<br><br>Recurrido | CC-2018-0212 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 6 de diciembre de 2018.

Por los fundamentos antes expuestos, se revoca el dictamen emitido por el Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo